# No. 19-40834

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA,
Plaintiff - Appellee

v.

CRISTIAN MENDOZA,
Defendant - Appellant

---

On Appeal from the United States District Court for the
Eastern District of Texas, Sherman Division
U.S.D.C. No. 4:18-CR-00046 (16)

---

## BRIEF OF APPELLANT CRISTIAN MENDOZA

---

January 6, 2020

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## <u>Certificate of Interested Persons</u>

The undersigned counsel of record for Appellant certifies that the following interested parties have interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal in accordance with Local Rule 28.2.1:

Marcia A. Crone; U.S. District Judge, 300 Willow Street, Suite 239, Beaumont, Texas 77701

Christine A. Nowak, U.S. Magistrate Judge, 200 North Travis Street, Sherman, Texas 75090

Kimberly C. Priest Johnson, U.S. Magistrate Judge, 7940 Preston Road, Suite 110, Plano, Texas 75024

Ernest Gonzalez, AUSA, 101 East Park Boulevard, Suite 500, Plano, Texas 75074

Will Tatum, AUSA, 600 East Taylor Street, Suite 2000, Sherman, Texas 75090

Christopher D. Mulder, Appellant's Trial Counsel, 2001 Bryan Street, Suite 1905, Dallas, Texas 75201

Bradley Visosky, Government Appellate Counsel, 101 East Park Boulevard, Suite 500, Plano, Texas 75074

John A. Kuchera, Appellant's Appellate Counsel, 210 N. 6th Street, Waco, Texas 76701

<div style="margin-left:40%">

/s/ John A. Kuchera
John A. Kuchera
Attorney for Cristian Mendoza

</div>

## Statement Regarding Oral Argument

Undersigned counsel has been appointed under the Criminal Justice Act (CJA) to represent Appellant on appeal.  Therefore, the internal operating procedures of this Court make oral argument mandatory unless, after examination of the briefs and record, a three-judge panel of this Court shall be unanimously of the opinion that (1) this appeal is frivolous, (2) the dispositive issue or set of issues has been authoritatively decided, or (3) the facts and legal arguments are adequately presented in the briefs and record and the decision process would not be significantly aided by oral argument.  See Rule 34(a), Federal Rules of Appellate Procedure, Local Rule 34.8 and IOPs Fifth Circuit Rules & IOPs.

/s/ John A. Kuchera
John A. Kuchera

# Table of Contents

**Page**

Certificate of Interested Persons                                    ii

Statement Regarding Oral Argument                                    iii

Table of Contents                                                    iv-v

Table of Authorities                                                 vi-x

Statement of Jurisdiction                                            xi

Statement of Issues Presented                                        xii

Statement of the Case                                                1-2

Summary of the Argument                                              3-4

Argument and Authorities

  1. Mendoza's trial counsel rendered ineffective assistance in failing to     5-12
     object to Mendoza not being granted an acceptance of responsibility
     reduction, given the Government's failure to sufficiently prove
     Mendoza's purported breach of the plea agreement.

     *(a) Ineffective assistance of counsel*                         5
     *(b) Standard of review*                                        6
     *(c) Acceptance of responsibility*                              6-7
     *(d) Background facts*                                           7-8
     *(e) Burdens of proof – "preponderance of the evidence" and "some*     8-10
         *evidence"*
     *(f) Analysis*                                                   10-12


  2. Mendoza did not enter a voluntary, knowing guilty plea, given that the     12-23
     plea agreement and factual basis established that his sentencing "range"
     would be life in prison.

     *(a) Background facts*                                           12-14
     *(b) A knowing, voluntary guilty plea*                          14-15
     *(c) Instructive case*                                          15-16
     *(d) Analysis*                                                  17-20
     *(e) A comment on United States v. Pittsinger*                  20-23

3. Mendoza did not voluntarily and knowingly waive his right to appeal.          23-25

    *(a) The waiver of appeal provision*          23-24
    *(b) A voluntary waiver of the right to appeal and standard of review*          24
    *(c) Analysis*          25


4.  Alternatively, Mendoza's waiver of appeal should not bar his appeal          26-29
    because the plea agreement was not supported by consideration.

    *(a) Contracts – the requirement of consideration*          26-27
    *(b) Analysis*          27-29

Relief Sought          29

Certificate of Service          30

Certificate of Compliance          31

# Table of Authorities

**Page(s)**

**Cases**

*Austin v. Davis*,
876 F.3d 757 (5th Cir. 2017) ..................................................5

*Bouchillon v. Collins*,
907 F.2d 589 (5th Cir. 1990) ..................................................6

*Brady v. United States*,
397 U.S. 742 (1970)..........................................................15, 16

*Broussard v. Johnson*,
253 F.3d 874 (5th Cir. 2001) ................................................10

*Brown v. Recktenwald*,
550 F. App'x 96 (3d Cir. 2013) ...............................................9

*Corbitt v. New Jersey*,
439 U.S. 212 (1978)..........................................................20, 21

*Dillon v. United States*,
307 F.2d 445 (9th Cir. 1962) ................................................27

*Flanagan v. Tamez*,
368 F. App'x 586 (5th Cir. 2010) ...........................................9

*Flowers v. Anderson*,
661 F.3d 977 (8th Cir. 2011) ..................................................9

*Gaither v. Anderson*,
236 F.3d 817 (7th Cir. 2000) ..................................................9

*Hamilton v. O'Leary*,
976 F.2d 341 (7th Cir. 1992) ...............................................9, 10

*Hughey v. United States*,
495 U.S. 411 (1990)..............................................................26

*Johnson v. Scott*,
    68 F.3d 106 (5th Cir. 1995) .................................................................6, 17, 19

*Mabry v. Johnson*,
    467 U.S. 504 (1984)........................................................................................26

*Meridian Sec. Ins. Co. v. Sadowski*,
    441 F.3d 536 (7th Cir. 2006) .........................................................................9

*Puckett v. United States*,
    556 U.S. 129 (2009)................................................................................15, 26

*Strickland v. Washington*,
    466 U.S. 668 (1984).........................................................................................5

*Superintendent, Massachusetts Correctional Institution v. Hill*,
    472 U.S. 445 (1985).........................................................................................9

*United States v. Amaya*,
    111 F.3d 386 (5th Cir. 1997) .......................................................................20

*United States v. Asset*,
    990 F.2d 208 (5th Cir. 1993) .......................................................................26

*United States v. Benjamin*,
    138 F.3d 1069 (6th Cir. 1998) ...............................................................11, 12

*United States v. Bethancurt*,
    692 F. Supp. 1427 (D.D.C. 1988).................................................................27

*United States v. Cavitt*,
    550 F.3d 430 (5th Cir. 2008) .........................................................................5

*United States v. Charniak*,
    607 F. App'x 936 (11th Cir. 2015) ..............................................................29

*United States v. Cook*,
    722 F.3d 477 (2d Cir. 2013) .........................................................................24

*United States v. Corso*,
    549 F.3d 921 (3d Cir. 2008) .........................................................................25

*United States v. De La Fuente*,
8 F.3d 1333 (9th Cir. 1993) ...................................................................26

*United States v. DeFusco*,
949 F.2d 114 (4th Cir. 1991) .................................................................26

*United States v. Dupont*,
15 F.3d 5 (1st Cir. 1994)........................................................................29

*United States v. Fernandez-Cabrera*,
625 F.3d 48 (1st Cir. 2010) ...................................................................24

*United States v. Franks*,
230 F.3d 811 (5th Cir. 2000) ...................................................................6

*United States v. Gonzalez*,
259 F.3d 355 (5th Cir. 2001) .................................................................24

*United States v. Hernandez*,
134 F.3d 1435 (10th Cir. 1998) .............................................................26

*United States v. Hunter*,
835 F.3d 1320 (11th Cir. 2016) ........................................................20, 26

*United States v. Johnson*,
850 F.3d 515 (2d Cir. 2017) .............................................................26, 27

*United States v. Kelly*,
915 F.3d 344 (5th Cir. 2019) .............................................................5, 24

*United States v. Lukse*,
286 F.3d 906 (6th Cir. 2002) ...................................................................9

*United States v. Lutchman*,
910 F.3d 33 (2d Cir. 2018) ...............................................................25, 26

*United States v. Medina-Anicacio*,
325 F.3d 638 (5th Cir. 2003) ...................................................................6

*United States v. Moulder*,
141 F.3d 568 (5th Cir. 1998) .................................................................26

*United States v. Oliver,*
 630 F.3d 397 (5th Cir. 2011) ...............................................................24

*United States v. Ortiz-Garcia,*
 665 F.3d 279 (1st Cir. 2011) ...............................................................24

*United States v. Pittsinger,*
 874 F.3d 446 (5th Cir. 2017) ............................................... 14, 15, 16, 20, 22, 23

*United States v. Prou,*
 199 F.3d 37 (1st Cir. 1999) ...............................................................12

*United States v. Randolph,*
 230 F.3d 243 (6th Cir. 2000) ...........................................................26, 27

*United States v. Rickett,*
 89 F.3d 224 (5th Cir. 1996) ...............................................................6

*United States v. Rivera-Cruz,*
 878 F.3d 404 (1st Cir. 2017) ...............................................................26

*United States v. Rodriguez,*
 64 F.3d 638 (11th Cir. 1995) ...........................................................20, 21

*United States v. Smith,*
 915 F.2d 959 (5th Cir. 1990) ...............................................................5

*United States v. Snelson,*
 555 F.3d 681 (8th Cir. 2009) ...............................................................26

*United States v. Suarez,*
 155 F.3d 521 (5th Cir. 1998) ...............................................................20

*United States v. Thomas,*
 639 F.3d 786 (7th Cir. 2011) ...............................................................26

*United States v. Williams,*
 510 F.3d 416 (3d Cir. 2007) ...............................................................26

*United States v. Williamson,*
 183 F.3d 458 (5th Cir. 1999) ...............................................................6

*United States v. Wood*,
  1995 U.S. App. LEXIS 43895 (5th Cir. Feb. 8, 1995)
  (unpublished) ...............................................................................23

## Statutes and Sentencing Guidelines

18 U.S.C. § 924(c)(1)(D)(ii) ..........................................................28

18 U.S.C. § 3624(b) .......................................................................29

18 U.S.C. § 3624(b)(1) ...................................................................29

21 U.S.C. § 841(b)(1) .....................................................................25

U.S.S.G. § 1B1.1 ............................................................................23

U.S.S.G. § 2D1.1(b)(1) ...................................................................13

U.S.S.G. § 2D1.1(b)(5) ...................................................................13

U.S.S.G. § 2D1.1(b)(12) .................................................................13

U.S.S.G. § 2D1.1(c)(1) ...................................................................13

U.S.S.G. § 3B1.1(b) .......................................................................13

U.S.S.G. § 3E1.1 ............................................................6, 14, 21, 22

U.S.S.G. § 3E1.1, cmt. n. 1(B)..........................................................7

U.S.S.G. Ch. 5, Pt. A & cmt. n. 2 .................................................14

## Other Authorities

Black's Law Dictionary ...........................................................26, 27

Moore's Federal Practice (Matthew Bender 3d ed. 1997).................23

## Statement of Jurisdiction

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.  18 U.S.C. § 3231.  Appellant was charged and convicted of 21 U.S.C. §§ 841(a)(1) and 846.  ROA.125-30, 141, 162.

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States.  28 U.S.C. § 1291.  Notice of appeal in a criminal case must be filed in the district court within 14 days of the entry of judgment.  Fed. R. App. P. 4(b)(1).  Appellant was sentenced September 23, 2019.  ROA.166.  The judgment was signed September 27, 2019.  ROA.104.  Appellant's notice of appeal was filed October 2, 2019.  ROA.112.

This appeal is from a final judgment.

## Statement of Issues Presented

1.  Whether Mendoza's trial counsel rendered ineffective assistance in failing to object to Mendoza not being granted an acceptance of responsibility reduction, given the Government's failure to sufficiently prove Mendoza's purported breach of the plea agreement.

2.  Whether Mendoza entered a voluntary, knowing guilty plea, given that the plea agreement and factual basis established that his sentencing "range" would be life in prison.

3.  Whether Mendoza voluntarily and knowingly waived his right to appeal.

4.  Alternatively, whether Mendoza's waiver of appeal should bar his appeal, given that the plea agreement was not supported by consideration.

TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT COURT OF APPEALS:

NOW COMES Cristian Mendoza ("Mendoza"), Appellant, by and through undersigned counsel, and files this brief pursuant to the Federal Rules of Appellate Procedure.

## Statement of the Case

Mendoza was charged in all three counts of a fourth superseding indictment (filed November 15, 2018) with:

Count One: Conspiracy to possess with intent to distribute methamphetamine (mixture or substance) or methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846;

Count Two:  Conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), and 846; and

Count Three:  Possession of a firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

ROA.125-30.

On March 29, 2019, Mendoza entered a guilty plea before a magistrate judge to Count One only pursuant to a plea agreement.  ROA.60-63, 131-32, 145, 162,

430-40.  The magistrate judge recommended Mendoza's guilty plea be accepted and the district court adopted this recommendation.  ROA.67-70, 76-77.

On September 23, 2019[1], the district court accepted the plea agreement, determined Mendoza's advisory sentencing range to be life, and (granting a small variance based on Mendoza's age) sentenced him to 420 months in prison, five years of supervised release and no fine.  ROA.104-11, 166, 293-94, 302-04.

Mendoza's notice of appeal was filed October 2, 2019.  ROA.112.

Trial counsel was allowed to withdraw and undersigned counsel was appointed to handle the appeal.  ROA.113-14, 116.

---

[1] The judgment was signed September 27, 2019.  ROA.104.

## <u>Summary of the Argument</u>

**First issue:**  The Government convinced the district court that Mendoza was not deserving of an acceptance of responsibility reduction to his offense level because a cell phone was found under his mattress in jail.  The Government failed to sufficiently prove Mendoza knowingly possessed the phone.  Mendoza's trial counsel failed to make this argument, thereby rendering ineffective assistance.

**Second issue:**  Mendoza chose to plead guilty in the belief that he could receive credit for acceptance of responsibility, thereby reducing his sentence from what it would otherwise have been.  However, he stipulated to facts that essentially guaranteed that his advisory sentencing range would be life in prison, irrespective of whether he was granted an acceptance of responsibility reduction.  Mendoza's guilty plea was therefore not a voluntary, knowing plea.

**Third issue:**  Mendoza (who possesses an eighth grade education) waived appeal as part of his plea agreement, reserving the right to appeal only a sentence in excess of the statutory maximum (and ineffective assistance of counsel).  The statutory maximum for Mendoza's offense of conviction is life in prison.  Thus, he reserved the right to appeal a sentence that does not exist (a sentence longer than life in prison).  As noted above, he essentially stipulated to facts guaranteeing him a

sentencing range of life in prison.  Because the ramifications of the appeal waiver were not explained to him, his appeal waiver was not voluntary.

**Fourth issue:**  Mendoza received no benefit whatsoever for entering into a plea agreement with the Government.  Therefore, under the law of contracts, the plea agreement is void for lack of consideration.  Alternatively then, the waiver of appeal provision in the plea agreement should not bar consideration of the merits of Mendoza's appeal.

**1. Mendoza's trial counsel rendered ineffective assistance in failing to object to Mendoza not being granted an acceptance of responsibility reduction, given the Government's failure to sufficiently prove Mendoza's purported breach of the plea agreement.**

*(a) Ineffective assistance of counsel*

In order to establish ineffective assistance of counsel, a defendant must to establish: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the defendant suffered prejudice as a result. *United States v. Cavitt,* 550 F.3d 430, 440 (5th Cir. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). A reviewing court is to determine the reasonableness of counsel's challenged conduct as of the time of the conduct. *United States v. Smith,* 915 F.2d 959, 963 (5th Cir. 1990). A defendant's right to effective assistance of counsel includes the plea bargaining process. *United States v. Kelly,* 915 F.3d 344, 350-51 (5th Cir. 2019).

As to prejudice, a defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Austin v. Davis,* 876 F.3d 757, 785 (5th Cir. 2017). "Reasonable probability" means a probability sufficient to undermine confidence in the outcome. *Id.* "Reasonable probability" is a lower burden of proof than the by a preponderance

of the evidence standard. *Bouchillon v. Collins,* 907 F.2d 589, 595 (5th Cir. 1990).

In the context of sentencing, defendant must show a reasonable probability that but

for counsel's error the defendant's sentence would have been less harsh. *United*

*States v. Franks,* 230 F.3d 811, 814-15 (5th Cir. 2000).

*(b) Standard of review*

"Ineffective assistance of counsel is a mixed question of law and fact which

we review *de novo.*" *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995). The review

is deferential, presuming counsel's conduct falls within the wide range of reasonable

professional assistance. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir.

1999).

*(c) Acceptance of responsibility*

Section 3E1.1 of the Sentencing Guidelines allows for up to a 3-level

reduction to a defendant's offense level for acceptance of responsibility. U.S.S.G. §

3E1.1. The defendant bears the burden of demonstrating that he is entitled to an

acceptance of responsibility reduction. *United States v. Medina-Anicacio,* 325 F.3d

638, 647 (5th Cir. 2003). The entry of a guilty plea is significant evidence of

acceptance of responsibility. *United States v. Rickett,* 89 F.3d 224, 227 (5th Cir.

1996). One of the considerations in determining whether or not a defendant is

entitled to acceptance of responsibility is whether the defendant has voluntarily withdrawn from criminal conduct.  U.S.S.G. § 3E1.1, cmt. n. 1(B).

### (d) Background facts

Mendoza's plea agreement includes a stipulation for a 3-level acceptance of responsibility reduction "subject to the recommendation of the United States Probation Office."  ROA.147, 432.  The agreement also provides:

> If circumstances indicating that the defendant has not accepted responsibility become known after execution of this Agreement, this stipulation is void and the defendant may object to the failure of the Presentence Report to recommend the reduction.

ROA.432.

> The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities.

ROA.433.

> The defendant understands that upon violation of any provision of the agreement . . . , the government will be free from its obligations under this agreement[.]

ROA.435-46.

The presentence investigation report ("PSR") initially granted Mendoza acceptance of responsibility.  ROA.451, PSR ¶¶ 44, 45; ROA.477, PSR ¶¶ 45, 46. However, on September 10, 2019, the PSR was revised:

In his final Presentence Report dated August 20, 2019, the defendant was given an adjustment for acceptance of responsibility; however, on September 6, 2019, he was discovered to be in possession of a cell phone while incarcerated at Bowie County Correctional Center in Texarkana, Texas. He was charged with a disciplinary incident for Possession or Suspected Possession by Inmates of Serious Contraband. By continuing to engage in criminal activity while pending sentencing, he has acted in a manner that is inconsistent with acceptance of responsibility; therefore, no adjustment for acceptance of responsibility will be given.

ROA.501, PSR ¶ 34; ROA.528, PSR ¶ 34.

Not only did the Government not move for acceptance of responsibility for Mendoza at sentencing, the Government put on testimony to establish this purported breach of the plea agreement. ROA.230-32, 275, 279. Based on this evidence, the trial court denied Mendoza acceptance of responsibility. And Mendoza's trial counsel did not object to Mendoza being denied acceptance of responsibility – he concurred with it:

Certainly, taking away his acceptance of responsibility it is understandable, if you believe that the cell phone found in his tank belonged to him in the Bowie County jail.

ROA.296.

*(e) Burdens of proof – "preponderance of the evidence" and "some evidence"*

"Before declining to honor a term in a plea agreement, the government bears the burden of proving a defendant's breach by a preponderance of the evidence."

*United States v. Lukse,* 286 F.3d 906, 909 (6th Cir. 2002). "By a preponderance" is the same as "more likely than not." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542 (7th Cir. 2006). Prison disciplinary findings, on the other hand, must only be supported by "some evidence." *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 454 (1985). This standard is less exacting than the preponderance standard. *Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir. 2000). The "some evidence" standard "is minimal." *Brown v. Recktenwald,* 550 F. App'x 96, 97 (3d Cir. 2013). Meeting this standard "does not require examination of the entire record, independent assessment of the credibility of a witness, or weighing of the evidence." *Hill,* 472 U.S. at 455.

The following cases are instructive. In *Brown v. Recktenwald,* 550 F. App'x 96 (3d Cir. 2013), the Third Circuit held that there was "some evidence" of constructive possession, given that there were six inmates assigned to the cell where a homemade weapon was found, and none of them claimed responsibility for it. *Id.* at 98; *see also Flanagan v. Tamez,* 368 F. App'x 586 (5th Cir. 2010) (Incident report constituted "some evidence," given that contraband was found in area prisoner shared with five other inmates); *Flowers v. Anderson,* 661 F.3d 977, 980-81 (8th Cir. 2011) (relying on collective responsibility theory whereby each inmate was collectively culpable for two homemade weapons found in shared eight-man cell); *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (Given that prisoner had

three cell mates, there was a 25 percent probability that the prisoner was the owner, and this was "some evidence," even though it "might be characterized as meager."). However, as the number of inmates in an area increases, the inference of constructive possession becomes too weak to satisfy even the "some evidence standard. *See Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001) (holding "some evidence" standard not met where more than 100 inmates had access); *Hamilton,* 976 F.2d at 345 (noting that a one-in-thirty-two chance would not satisfy "some evidence" standard).

*(f) Analysis*

At sentencing, the Government put on witnesses establishing that a search of Mendoza's pod at the Bowie County jail, fourteen days prior to sentencing, turned up a cell phone under Mendoza's mattress. ROA.230-32, 275, 279. The search was precipitated by a discovery that pictures were being posted on Facebook by an inmate at the Bowie County Jail. ROA.275. Twenty-three inmates were housed in the pod, four cell phones were found during the search (all had passwords and none were opened so as to discover the identity of the owner/user), Mendoza was not the individual posting the pictures (it was another individual in the pod named Justin Billy), and Mendoza denied knowledge of the phone. ROA.277-81. This evidence

(assuming its veracity) does not even pass the "some evidence" standard. The following case is illustrative.

In *United States v. Benjamin,* 138 F.3d 1069 (6th Cir. 1998), Defendant Benjamin pled guilty pursuant to a plea agreement that required the government to file a motion for downward departure so long as Benjamin didn't commit any crimes or otherwise violate the agreement while he was cooperating with the government. *Id.* at 1073. At sentencing, the government refused to move for a downward departure based on its suspicion that Benjamin had been involved in a shooting while out on bond. *Id.* The district court found that the government had shown probable cause (but not by a preponderance of the evidence) that Benjamin had breached the plea agreement, and determined the government was thereby relieved of its duty to move for the downward departure. *Id.* at 1074. The Sixth Circuit disagreed and remanded for resentencing:

> The district court found that the government had probable cause to believe that Benjamin had breached the plea agreement by committing a crime. As a result of this showing, the court did not require the government to make the § 5K1.1 motion that it had promised in the plea agreement. But, as we will elaborate, before the government could decline to make the substantial assistance motion, it had to prove Benjamin's breach by a preponderance of the evidence. Failing this, the promises of the plea agreement remained in effect.

*Id.*

> The district judge erred when he allowed the government to decline to make the § 5K1.1 motion because it had "probable cause" to believe

that Benjamin breached the plea agreement. Before the government may decline to fulfill its obligations under a plea agreement, it must establish the defendant's breach by a preponderance of the evidence. . . . However, as we have already explained, here the district court found that, while the government had "at least probable cause" to believe that Benjamin breached the plea agreement, the level of proof did not rise to a preponderance of the evidence. . . . Because the government failed to meet its evidentiary burden, it was not free to decline to make the substantial assistance motion. Accordingly, we must vacate the sentence and remand to provide Benjamin with the benefit of the motion the government promised in the plea agreement.

*Id.* at 1074.

As to Mendoza, based on the evidence adduced, no plausible strategy excuses trial counsel's failure to object to Mendoza not being granted acceptance of responsibility. *See United States v. Prou,* 199 F.3d 37 (1st Cir. 1999) ("[T]here was absolutely no downside to taking the government to task for its timing error" in filing a § 851 enhancement).

**2. Mendoza did not enter a voluntary, knowing guilty plea, given that the plea agreement and factual basis established that his sentencing "range" would be life in prison.**

*(a) Background facts*

At the time Mendoza entered his guilty plea, the magistrate judge informed him that his advisory guideline range would not be able to be determined until the

presentence investigation report ("PSR") was prepared. ROA.145. That was not actually true – at least not from the Government's perspective. The plea agreement and factual basis, both presumably drafted by the Government, established Mendoza's base offense level at 38 (45 kilograms of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual)). ROA.64, 147, 432; see U.S.S.G. § 2D1.1(c)(1) (2018).[2] The plea agreement also included stipulations that (1) Mendoza qualified for a 2-level increase under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for purpose of manufacturing or distributing a controlled substance, and (2) Mendoza did not qualify for a mitigating role reduction. ROA.147, 432. This moved Mendoza to an offense level of 40. The factual basis stated that the methamphetamine was imported from Mexico, implicitly resulting in a 2-level increase under U.S.S.G. § 2D1.1(b)(5). This moved Mendoza to an offense level of 42. The factual basis, as originally drafted, also included stipulations that Mendoza was a leader/organizer and that he possessed firearms during the offense. ROA.65. Although the Government agreed to delete these two stipulations for purposes of rearraignment, the Government proved them up at sentencing, thereby adding an additional five levels to Mendoza's offense level (3 levels for leadership, U.S.S.G. § 3B1.1(b), ROA.293, 308; and 2 levels for possessing a firearm, U.S.S.G. § 2D1.1(b)(1), ROA.528, PSR ¶ 37),

---

[2] The 2018 Guidelines Manual was used in the PSR. ROA.528, PSR ¶ 35.

leaving him with a total offense level of 47.[3]  ROA.214-15, 217-19, 222, 224-25, 229, 247-48, 251, 285.  It is obvious from the sentencing testimony that the evidence relied upon by the Government to obtain these five additional levels was known by the Government at the time the Government drafted the plea agreement and factual basis.

The plea agreement provided for the purported possibility that Mendoza could receive a 3-level reduction from his total offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.  ROA.432.  In the Fifth Circuit however, an acceptance of responsibility reduction is applied to the defendant's adjusted total offense level, *no matter how high that level is.  See United States v. Pittsinger,* 874 F.3d 446, 454 (5th Cir. 2017).  Had Mendoza received the acceptance of responsibility reduction, this would have left him at a total offense level of 44.  Under the sentencing guidelines, the highest possible total offense level is 43, which carries a sentencing "range" of *life* for all six criminal history categories.  U.S.S.G.  Ch. 5, Pt. A & cmt. n. 2.  So what benefit did Mendoza receive by pleading guilty pursuant to the plea agreement?   Answer:  No benefit whatsoever.

*(b) A knowing, voluntary guilty plea*

---

[3] The district court incorrectly stated the total offense level as 46.  ROA.294.

"[G]uilty pleas must be knowing and voluntary to be valid." *Puckett v. United States,* 556 U.S. 129, 136 (2009). At a minimum, the defendant must have a "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady v. United States,* 397 U.S. 742, 748 (1970).

*(c) Instructive case*

In *United States v. Johnson,* the defendant sought to withdraw his guilty plea and replace his attorney after he discovered that his plea would necessarily entail a mandatory life sentence, 850 F.3d 515, 517 (2d Cir. 2017). The request was denied. *Id.* at 521. The Second Circuit held the plea was not entered voluntarily, knowingly and intelligently, given that at the time the defendant entered his plea, the court had given the impression that there were a range of sentencing options:

> We conclude that Johnson's plea was not entered voluntarily, knowingly, and intelligently. In the plea hearing, the impression was given that there was a range of sentencing options: the judge spoke of "the potential sentences"; the prosecutor gave an account of multiple maximum and minimum sentences, discussed supervised release, and warned of the forfeiture of rights (including the right to hold public office); and the court and prosecutor discussed Sentencing Guidelines ranges and judicial discretion to weigh the facts and circumstances. . . . And Johnson's assertion that he would have gone to trial if he knew that a life sentence was foreordained is rendered plausible by the arresting fact that *he derived absolutely no benefit or advantage from the plea.* Accordingly, we vacate the district court's judgment and Johnson's plea, direct that the case be reassigned, and remand for further proceedings consistent with this opinion. (Emphasis added)

*Id.* at 518.

> The most significant fact for Johnson at his plea hearing—a fact that he had to understand for his plea to be voluntary, knowing, and intelligent—was that *life imprisonment was the certain consequence of pleading guilty.* This was not merely a potential sentence, or one possible maximum among other possibilities, but his certain and inevitable sentence upon conviction. *By pleading guilty, he was effectively sentencing himself to spend the rest of his life in prison;* yet this fact was not conspicuous at his plea hearing, which included discussion of many other "possible" (though actually impossible) sentences and robotic references to (inapplicable) calculations and judicial discretion.  (Emphasis added)

*Id.* at 522.

> *The district court should have avoided confusion by clearly and unambiguously telling the defendant that, notwithstanding everything else being said, the consequence of his guilty plea would be a life sentence, period.*  (Emphasis added)

*Id.* at 523.

> Johnson's letter seeking to withdraw his plea states that he would not have pleaded guilty if he had understood the mandatory sentencing consequence because he had "everything to gain going to trial versus just accepting a life sentence." And of course he is correct. *In light of the circumstances, and absent any explanation, the plea appears on its face irrational.* There might be some motive for a knowing and intelligent waiver in this situation, but none is obvious, and the district judge did not attempt to elicit one. The district court erred by failing to determine that the waiver was knowing and intelligent, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. (Emphasis added)

*Id.* at 524.

*(d) Analysis*

Mendoza has an eighth grade education.  <u>ROA.534</u>, PSR ¶ 69.  Just as the defendant in *Johnson* was misled by the judge's and the prosecutor's multiple references to differing ranges of punishment (including supervised release which assumes a release from prison), Mendoza was likewise misled, to-wit:

> Mag. Court: Now it's also my obligation today here to make sure and to ensure that you understand the *full range of penalties* and consequences you could be subjected to following entry of this plea.  And so, I'm also going to ask the Government to advise you of that at this time. Listen very carefully.

> AUSA: The maximum penalties the Court can impose include if 500 grams or more of a mixture of substance containing a detectable amount of Methamphetamine, or 50 grams or more of Methamphetamine actual, *not less than 10 years and not more than life imprisonment*, a fine not to exceed $10 million or both, *Supervised Release of at least 5 years*.  There's also a mandatory special assessment of $100.

> Mag. Court: Thank you.  Mr. Mendoza, sir, do you understand that if you enter a plea of guilty here today and the District Court accepts it, you will be subject to that *range of penalties* and consequences that was just read to you?

> Mendoza: Yes, ma'am.

<u>ROA.143</u>.

> Mag. Court: And following all of your communications with your counsel, do you fully understand that the Sentencing Guidelines are not mandatory, they are merely discretionary?

> Mendoza: Yes, ma'am.

> Mag. Court: And that because of that, the district judge *could depart* from the Guidelines and she could sentence you *all the way up to the statutory maximum.* Do you fully understand that?

> Mendoza: Yes, ma'am.

ROA.144-45

Mag. Court: Do you also understand that the Guideline range for your particular case is *not able to be determined* until after completion of your written pre-sentence report? And so for that reason, any estimate that you've been given to date by your lawyer, or by the Government, by pre-trial, by anybody, that's all that it is, an estimate. Do you also understand that?

Mendoza: Yes, ma'am.

ROA.145.

AUSA: [Summarizing the plea agreement] There's further language that the parties understand the Court is not bound by these stipulations and that the parties specifically agree other specific offense characteristics or Guideline adjustments *may increase or decrease the appropriate sentencing range.*

ROA.147-48.

AUSA: [Summarizing the plea agreement] *The Defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.*

ROA.149.

Mag. Court: Do you understand that the district judge is not bound by the sentencing recommendation that is contained within your plea agreement?

Mendoza: Yes, ma'am.

ROA.151.

Mag. Court: Do you understand that if the sentence you ultimately receive is *more severe* than what you're expecting, or what you're hoping to get, you are still going to remain bound by this plea that you enter here today?

Mendoza: Yes, ma'am.

ROA.152.

Mag. Court: Even more specifically, *you have only reserved yourself the right to appeal where punishment is imposed in excess of the statutory maximum* or you have a claim for ineffective assistance of counsel. Do you fully understand that?

Mendoza: Yes, ma'am.

Mag. Court: Did you voluntarily and of your own free will agree to give up your appellate rights except in those two circumstances?

Mendoza: Yes, ma'am.

ROA.153.

Mag. Court: I will find at this time that you are competent to enter this plea, that you have been advised, and that you understand your trial rights, you've had the assistance of counsel, that you've been advised and you understand the charge you've entered a plea to, as well as the *full range of penalties and consequences* associated with that charge.

ROA.162-63.

The only difference between the situation in *Johnson* and Mendoza's situation is that Mendoza's was more egregious. This is because of the repeated references during rearraignment to Mendoza's purported right to appeal a sentence in excess of the statutory maximum. So hypothetically, if Mendoza were to receive a sentence longer than life in prison (not sure what that would be), he would have a right to appeal *that* sentence. How helpful.

The bottom line is that Mendoza waived his substantial right to have the government prove each charge against him beyond a reasonable doubt before a jury of his peers in return for a guaranteed advisory sentencing "range" of life in prison. There is no way Mendoza would have pled guilty had he not been led to believe that by so doing, he would receive a sentence shorter than he would have received had

he gone to trial.  *See United States v. Hunter,* 835 F.3d 1320, 1326 (11th Cir. 2016) (Defendant would not reasonably understood the terms of his plea agreement to mean he was forfeiting a core constitutional right in exchange for an empty promise). There is always a chance of acquittal when one goes to trial.  *United States v. Rodriguez*, 64 F.3d 638, 643 (11th Cir. 1995).  Mendoza's plea was therefore not knowing and voluntary.  *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997) (When a defendant is induced by deception to enter a plea of guilty, the plea is rendered involuntary; defendant pled guilty under the mistaken belief "fostered by the district court" that the court could *sua sponte* examine defendant's eligibility for a § 5K1.1 downward departure.); *United States v. Suarez,* 155 F.3d 521, 524 (5th Cir. 1998) ("A substantial right has been violated if [internal quotation marks omitted] the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.").

*(e) A comment on United States v. Pittsinger*

As noted above, *United States v. Pittsinger,* 874 F.3d 446, 454 (5th Cir. 2017) appears to stand for the proposition that an acceptance of responsibility reduction is only applied to the defendant's adjusted total offense level, *no matter how high that level is.  Id.* at 454.  This holding may be at odds with Supreme Court precedent.  In *Corbitt v. New Jersey,* 439 U.S. 212 (1978), the Court noted that the constitutional

propriety of extending leniency in exchange for a plea of guilty is "unequivocally recognize[d]." *Id.* at 224. Plea bargaining systems throughout the country "inherently extend to defendants who plead guilty the probability or the certainty of leniency that will not be available if they go to trial." *Id.* at 224 n. 4.

In *United States v. Rodriguez,* 64 F.3d 638 (11th Cir. 1995), a decision rendered at a time when the Sentencing Guidelines were mandatory, the Eleventh Circuit addressed a situation similar to Mendoza's in that even when the defendant's acceptance of responsibility reduction was applied, it would not have affected his sentencing range. *Id.* at 640. The Court made the following observations regarding this anomaly:

> A defendant's acceptance of responsibility is a circumstance that the guidelines clearly and explicitly consider. The § 3E1.1 adjustment *entitles* a defendant who demonstrates acceptance of responsibility to a two- or three-level reduction in his offense level. (Emphasis added)
>
> . . .
>
> Had Rodriguez not accepted responsibility, his sentence would have been the same. Thus, we must determine whether, in drafting the guidelines, the Sentencing Commission adequately considered the interaction of § 5G1.1(a) and § 3E1.1 in cases such as this.
>
> . . .
>
> As the commentary to § 3E1.1 explains, "the reduction of offense level … *recognizes legitimate societal interests.* For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense … *is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility*." U.S.S.G. § 3E1.1, comment. (backg'd). We think that the Commission failed to

consider that § 5G1.1(a) might operate to negate the § 3E1.1 adjustment and undermine the "legitimate societal interests" [**14] served by the adjustment. (Emphasis added)

. . .

As discussed above, the guidelines contemplate that a defendant's acceptance of responsibility will be recognized at sentencing. Moreover, one of the "legitimate societal interests" served by rewarding a defendant's acceptance of responsibility is *providing an incentive to engage in plea bargaining.* Plea bargaining is "an essential component of the administration of justice" that should be encouraged because it keeps the justice system from becoming overburdened with full-scale trials. (Emphasis added)

. . .

A defendant evaluating whether to plead guilty or go to trial rationally considers how his decision will affect his sentence. If a defendant knows that, under § 5G1.1(a), he will receive the same sentence regardless of whether he accepts responsibility, he will be more likely to shun plea bargaining and go to trial. A chance of acquittal is always present; there is less incentive to forego this chance if a guilty plea will not be rewarded with sentencing leniency. Allowing a departure based on acceptance of responsibility in such circumstances preserves the possibility of some sentencing leniency and thus serves society's legitimate interest in guilty pleas and plea bargaining.

*Id.* at 643.

To induce a defendant to enter a guilty plea with an acceptance of responsibility reduction that will have no effect on his sentence is counterintuitive in the extreme. The Government may take the position that this panel is bound by *Pittsinger.* Mendoza would argue otherwise. *Pittsinger* provided no analysis, relying completely on an unpublished 1995 opinion:

As Pittsinger concedes, his argument is foreclosed by this court's decision in *United States v. Wood*, 48 F.3d 530, [published in full-text format at 1995 U.S. App. LEXIS 43895] 1995 WL 84100 (5th Cir. Feb. 8, 1995) (unpublished), where we held that the district court did not err by applying the reduction for acceptance of responsibility to the defendant's total offense level of 46 rather than to the final adjusted offense level of 43.

*Pittsinger*, 874 F.3d at 454.  The *Wood* panel relied on the order of calculation instructions set forth in U.S.S.G. § 1B1.1.  *Wood*, 1995 U.S. App. LEXIS 43895, at *15-17.  Neither of the appellants in *Pittsinger* or *Wood* argued that the Guideline instructions were inconsistent with Supreme Court precedent.

A decision of an appellate court constitutes a precedent only insofar as it determines some issue of law.  For stare decisis to be applied, an issue of law must have been heard and decided.  *If an issue is not argued,* or is argued but is ignored by the court, or is reserved, *the decision does not constitute a precedent to be followed in subsequent cases in which the same issue arises.* (emphasis added)

Moore's Federal Practice § 134.04[2](Matthew Bender 3d ed. 1997).

### 3. Mendoza did not voluntarily and knowingly waive his right to appeal.

*(a) The waiver of appeal provision*

Mendoza's plea agreement included the following waiver of appeal provision:

Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution,

or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. *The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.* The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

ROA.436.

*(b) A voluntary waiver of the right to appeal and standard of review*

The Fifth Circuit reviews de novo whether an appeal waiver bars an appeal. *Kelly,* 915 F.3d at 348. Review is for plain error when a defendant does not raise the issue of voluntariness of his appeal waiver in the district court. *United States v. Cook,* 722 F.3d 477, 482 (2d Cir. 2013). A defendant who waives his right to appeal gives up a substantial right. *United States v. Fernandez-Cabrera,* 625 F.3d 48, 51 (1st Cir. 2010). "A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." *United States v. Gonzalez,* 259 F.3d 355, 357 (5th Cir. 2001). The defendant purporting to waive appeal as part of a plea agreement must be made to know that he has a right to appeal and that he is giving up that right. *United States v. Oliver*, 630 F.3d 397, 413 (5th Cir. 2011). This includes an inquiry into the ramifications of the waiver. *United States v. Ortiz-Garcia,* 665 F.3d 279, 284 (1st Cir. 2011).

*(c) Analysis*

The statutory maximum for Mendoza's offense of conviction is life in prison. 21 U.S.C. § 841(b)(1).  Again, Mendoza has an eighth grade education.  ROA.534, PSR ¶ 69.  *See United States v. Corso,* 549 F.3d 921, 930 (3d Cir. 2008) (Defendant's waiver of appeal held involuntary, in part, because his education was limited to a GED diploma).  In his plea agreement, he purportedly gave up his right to appeal everything except a sentence that realistically does not exist (a sentence longer than life in prison), and ineffective assistance of counsel.  ROA.436.  Mendoza was never made to understand at the time he entered his plea, that the facts to which he stipulated (for the most part) at rearraignment guaranteed him an advisory sentencing range of life in prison. In fact, the Government told him he could receive a sentence as low as ten years in prison.  ROA.143.  Because Mendoza was never made aware of the ramifications of his waiver of appeal, it was not a voluntary waiver.  *See United States v. Lutchman,* 910 F.3d 33, 37-38 (2d Cir. 2018) (Defendant's waiver of right to appeal unsupported by consideration where government's agreement that defendant would receive acceptance of responsibility had no impact on sentence, given that resulting sentencing range exceeded the statutory maximum sentence).

**4. Alternatively, Mendoza's waiver of appeal should not bar his appeal because the plea agreement was not supported by consideration.**

*(a) Contracts – the requirement of consideration*

"[P]lea bargains are essentially contracts." *Puckett v. United States,* 556 U.S. 129, 137 (2009). A plea bargain is a compromise; otherwise it would not be a "bargain." *Mabry v. Johnson,* 467 U.S. 504, 508 n. 8 (1984) ("It is this mutuality of advantage that perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of guilty[.]"); *see also Hughey v. United States,* 495 U.S. 411, 421 (1990) ("The essence of a plea agreement is that both the prosecution and the defense make concessions to avoid potential losses."). The Fifth Circuit has specifically held "[t]he application of contract law to plea agreements is premised on the notion that a negotiated guilty plea represents a bargained-for quid pro quo."[4] *United States v. Asset,* 990 F.2d 208, 215 (5th Cir. 1993); *United States v. Moulder,* 141 F.3d 568, 572 (5th Cir. 1998). Black's Law Dictionary defines quid pro quo as follows:

---

[4] Nearly every other circuit has held likewise. *See United States v. Rivera-Cruz,* 878 F.3d 404, 408 (1st Cir. 2017); *United States v. Lutchman,* 910 F.3d 33, 37-38 (2d Cir. 2018); *United States v. Williams,* 510 F.3d 416, 423 (3d Cir. 2007); *United States v. DeFusco,* 949 F.2d 114, 119-20 (4th Cir. 1991); *United States v. Randolph,* 230 F.3d 243, 249-50 (6th Cir. 2000); *United States v. Snelson,* 555 F.3d 681, 685 (8th Cir. 2009); *United States v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993); *United States v. Hunter,* 835 F.3d 1320, 1326 (11th Cir. 2016). The Seventh and Tenth Circuits have suggested they would so hold. *See United States v. Thomas,* 639 F.3d 786, 788 (7th Cir. 2011); *United States v. Hernandez,* 134 F.3d 1435, 1437 (10th Cir. 1998).

> Used in law for the giving one valuable thing for another.  It is nothing more than the mutual consideration which passes between the parties to a contract, and which renders it valid and binding.

Black's Law Dictionary 1248 (6th ed. 1990).  A plea agreement without benefit or advantage to the defendant is "offensive both to the fundamental common law canons of contract construction and to the constitutional guarantee of due process." *United States v. Randolph,* 230 F.3d 243, 249 (6th Cir. 2000); *see Dillon v. United States,* 307 F.2d 445, 449 (9th Cir. 1962) (An inducement to enter a guilty plea based on an illusory promise is a violation of due process).  A defendant who purports to enter into a plea agreement that confers no benefit to him has not entered a knowing voluntary plea. *Randolph,* 230 F.3d at 250, 251 ("A defendant in Randolph's position is entitled to presume a plea agreement would confer *some* benefit on him. . . . [W]e cannot say that he entered into it knowingly and voluntarily, since he was in no way informed as to the illusory nature of the government's promise."); *United States v. Bethancurt,* 692 F. Supp. 1427, 1431 (D.D.C. 1988) (Possible due process violation and illusory benefit where defendant induced to plead guilty to what he believed to be a lesser misdemeanor offense even though the sentencing range was the same whether he plead to a misdemeanor or a felony).

   *(b) Analysis*

   The plea agreement purported to confer the following benefits to Mendoza:

> A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1 .1 applies; however, this stipulation is subject to recommendation of the United States Probation Office.

ROA.432.

> The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

ROA.435.

Count Three of the indictment, dismissed by the Government at sentencing, ROA.310, charged Mendoza with possession of a firearms in furtherance of a drug trafficking crime, an offense that by statute, requires the sentence to be consecutive to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(D)(ii). This concession would certainly constitute consideration under normal circumstances. But this case does not involve normal circumstances. The PSR aptly summed up Mendoza's sentencing range under the plea agreement, compared to what his sentencing range would have been without the plea agreement:

**Impact of Plea Agreement**

> The defendant has pled guilty to Count 1 of the Fourth Superseding Indictment, pursuant to a non-binding Plea Agreement.

> Had the defendant pled guilty to all counts of the Fourth Superseding Indictment, *the total offense level would be the same*; however, Count 3 calls for a mandatory minimum sentence of 5 years imprisonment to

be served consecutively to any other term of imprisonment. *If the defendant had proceeded to trial and been convicted on all counts, the total offense level would be the same with the addition of 5 years imprisonment to be served consecutively to any other term of imprisonment.*

ROA.535, PSR ¶¶ 76, 77.

Under the plea agreement, Mendoza's sentencing range was life. Without the plea agreement, the range would have been life plus five years. There is no parole in the federal criminal justice system. *United States v. Dupont*, 15 F.3d 5, 8 (1st Cir. 1994). And a defendant serving a life sentence cannot receive credit for satisfactory behavior. 18 U.S.C. § 3624(b)[5]. There is no practical difference between life and life + 5 years. *See United States v. Charniak,* 607 F. App'x 936, 943 (11th Cir. 2015) (District court committed an error when it imposed consecutive term of supervised release but error did not affect defendant's substantial rights because, "even absent the error, his total term of supervised release – life – would remain the same."). The plea agreement provided no benefit to Mendoza.

## **Relief Sought**

Mendoza requests vacatur of his conviction and remand to the district court.

---

[5] "[A] prisoner who is serving a term of imprisonment of more than 1 year[,] *other than a term of imprisonment for the duration of the prisoner's life*, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. 18 U.S.C. § 3624(b)(1).

Respectfully submitted,

/s/ John A. Kuchera

John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
Attorney for Appellant

## Certificate of Service

I certify that on the 6th day of January, 2020, I electronically filed the foregoing with the Fifth Circuit Court of Appeals using the CM/ECF system which will send notification of such filing to the following:

Bradley Elliot Visosky
Assistant United States Attorney

/s/ John A. Kuchera
John A. Kuchera

## <u>Certificate of Compliance With Rule 32(a)</u>

1.     This  brief  complies  with  the  type-volume  limitation  of  <u>Fed.  R.  App.  P.</u> <u>32(a)(7)(B)</u> because the brief contains 6,687 words, excluding the parts of the brief exempted by Fed. R. App. P 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P 32(a)(5) and the type style requirements of Fed. R. App. P because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.


<u>/s/ John A. Kuchera</u>
John A. Kuchera

Attorney for Cristian Mendoza
Dated:  January 6, 2020